## 29156.  MORET v. POULOS.

Decided November 19, 1941.

*Joseph M. Brown, J. Norwood Jones Jr.,* for plaintiff.
*Robert T. Efurd,* for defendant.

Stephens, P. J.   Harry J. Moret, trading as Dixie Bottle & Beverage Company, brought suit against Mrs. Alexandra Poulos, individually, and trading as Atlantic Liquor Store, to recover the purchase-price of thirty-five cases of whisky. The petition alleged in substance that the whisky was ordered from the plaintiff by the defendant's son, who was in charge of and operated for the defendant a retail liquor store, which business was owned by the defendant, and that the whisky was delivered to the store and "receipted for by said agent and servant of the defendant." The defendant, after denying all material allegations of the petition, alleged that

she was not liable for the amount sued for or any amount represented in this suit. The defendant admitted that she was informed that the whisky was delivered to her agent, but she alleged that it was later picked up and delivered back to the agent of the plaintiff, and that she did not receive the "whisky and did not receive any benefits therefrom, in any shape, form or fashion."

There was evidence tending to show that the merchandise was ordered by the defendant's son, who operated a retail liquor store for the defendant; that at the time the defendant's son gave the plaintiff the order for this merchandise, which consisted of thirty-five cases of pinch-bottle "Old Mr. Boston" whisky, he acquainted the plaintiff with the fact that he was ordering the whisky to be delivered to a Mr. ———— at the Ansley Hotel; that the defendant's son was to receive a commission out of the transaction; that he was to get $70 out of the sale of this whisky; that he made the sale in wholesale quantity to Mr. ———— and was going to get $2 a case from the plaintiff, or the plaintiff's salesman, when the whisky was delivered to Mr. ———— and paid for by him; that the plaintiff's salesman was to deliver the whisky to the Ansley Hotel as soon as it came into the defendant's store; and that he was to take the whisky back to the plaintiff unless he delivered it to Mr. ———— and obtained his receipt therefor. The defendant's son testified that Mr. ———— was going to pay for the whisky if it was delivered properly to him; that the plaintiff's agent was supposed to collect the bill from Mr. ———— or bring him back a statement signed by Mr. ———— that he had received the whisky; and that he did not know whether the whisky was delivered to Mr. ———— at the Ansley Hotel because the plaintiff's salesman did not bring to the witness any kind of a showing or receipt to that effect. The plaintiff's salesman testified that he was to deliver the liquor to the Ansley Hotel to Mr. ————, get the latter's receipt for it and collect from him; that he did not ever seen Mr. ————; that the liquor was consumed by the club for which Mr. ———— was to receive the liquor; that he got no receipt from anybody; that he carried the liquor to the Ansley Hotel and it was put in the storeroom there; that he carried the whisky to the Ansley Hotel and left it.

The jury were authorized to find that the plaintiff through its agent, the salesman, had knowledge of the agreement between the

defendant's son and the plaintiff's salesman at the time the plaintiff accepted the order and sent the whisky to the retail store of the defendant. The jury were authorized to find that there had not been a delivery of the liquor in accordance with the contract of sale.

The court did not err in permitting the plaintiff's salesman to testify on cross-examination that the whisky was to be delivered to a party at the Ansley Hotel whom he couldn't get in touch with at the time he took the whisky there, and that his name was ————. This evidence was admissible to show whether there had been a delivery of the whisky in accordance with the contract of sale.

The court did not err in charging the jury as follows: "If the agent was exceeding his authority, the principal can not ratify in part and repudiate in part; he shall adopt either the whole or none."

The verdict for the defendant was authorized. The judge did not err in overruling the motion for new trial.

    *Judgment affirmed.* *Sutton and Felton, JJ., concur.*